W. N. BROWN, &c., v. JAMES MURPHY.

Contractors—Breach of Contract—Damages—Criterion.

> In ascertaining the damages the owner of a dwelling is entitled to by the refusal of a contractor to complete the work on same, the criterion is to ascertain what it would cost to finish the house above the contract price, and if larger, the contractor would be responsible, but if no more, or less, the owner would be entitled to only nominal damages.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

October 7, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

In May, 1868, Wright made a contract in writing to furnish the material, and build a frame cottage for Murphy in the city of Louisville, of the size, and description specied in the writing, to be completed by the 20th of June, 1868, for which Murphy was to pay $860. Immediately after the contract was made, Wright commenced the work, but early in June, after having furnished materials and done work of the value of $363.67, as one witness proves, but only of the value of $264 as proved by another witness, he, for some unexplained cause, abandoned the contract, made out an account for $363.67 against Murphy, and assigned it to Brown, who sued Murphy in the Jefferson court of common pleas on it.

Murphy answered, and after denying that he was indebted to Brown, or White, his assignor, in any sum whatever, and denying that Wright had done any work, or furnished any materials for him, he then, in a separate paragraph, alleges he made a contract with Wright for the building of a cottage house of the description and upon the terms stated, that Wright had failed to finish the house, and refused to progress with the work, that he had caused an estimate of the materials furnished, and a valuation of the work done on it, when Wright abandoned it to be made by one Shryock, a city measurer of mechanical work in the city, and the whole, according to his estimate and valuation, was worth only $264.37, and that he estimated that it would cost $900 to finish the house in the manner and style stipulated in the contract, which

estimates and valuations he filed with his answer, they having been made out in writing and signed by Shryock, and averred that he had been damaged *three hundred dollars* by the failure of Wright to complete the building, prayed judgment for that sum, and made his answer a counterclaim against Wright.

On Murphy's motion, the suit was removed to the Louisville chancery court, and that court dismissed Brown's petition with costs, and rendered judgment in favor of Murphy against Wright for $140 on the counter-claim, from which Brown and Wright both appeal.

Shryock's deposition was taken by appellee, and he proves that his estimates and valuations referred to, and filed with appellee's answer, are correct and that it would cost him $900 to have his building completed, and in his deposition, he says the materials furnished and work done by Wright were worth *about* $200, from which it would appear that he undertook to do the work for $240 less than it was worth, and if he had finished it, he would have lost that sum. In Shryock's estimates and valuation of the materials and work done, and which appellee makes a part of his answer, and adopts as correct, he fixed their value at $264.37, now deduct the $240, the difference between the price he contracted to do the work for, and what it would cost to finish it, and it will leave $24.37 in favor of Wright and that deducted from the $100 appellee had paid him, it would leave only $75.63 in favor of appellee, instead of $140, for which the judgment was rendered, consequently, it must be erroneous, for the correct criterion to ascertain the damage that appellee has sustained by the breach of the contract by Wright is to ascertain by evidence what it would cost to finish the house over and above the price Wright contracted to build it for, and if it would cost any more, that additional cost Wright should pay, but if others would do it for the same, or a less price, then appellee is not damaged beyond mere nominal damages.

The sum of $75.63 is arrived at from Shryock's measurement, and mode of estimating the injury appellee has sustained. But Lawes estimates the materials and labor of Wright at $100 more than Shryock, and Connor, one of appellee's witnesses, proves that he actually finished the house at the agreed price of $114, but did not get that, appellee only paid him $112 and he gave him a receipt in full. This substantive fact, although in conflict with

the theory of an official, is entitled to consideration, in making up the estimate of what would be the difference between the cost of finishing the work, and the price Wright *contracted* to finish it for. This witness may not have intended all his evidence imparts, but he was not re-examined, so as to let him explain what he had said, and this court must take the evidence as it is.

Wherefore, the judgment is *reversed,* and the cause is remanded with directions to refer the case to the master to ascertain and report the facts and state the accounts of the parties on the principle herein set forth and for further proceedings consistent herewith. The witness to be re-examined, and such other evidence to be heard as either party may desire.

*Barnett & Edwards, for appellant.*
*Mix, for appellee.*